# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| DANNY WHITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:14-cv-01287-STA-dkv |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE DECISION OF THE COMMISSIONER

Plaintiff Danny Whited filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability insurance benefits under Title II of the Social Security Act ("Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on March 27, 2009. On July 31, 2009, the ALJ issued an unfavorable decision. The Appeals Council subsequently denied his request for review. Plaintiff appealed the decision to this Court in *Whited v. Commissioner*, 1:11-cv-1021-JDT (W.D. Tenn. February 22, 2012). The Court reversed the decision of the Commissioner and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for reconsideration of the opinion of the treating physician, Howard W. Thomas, M.D., under the factors set forth in 20 C.F.R. § 404.1527(d)(2).

Another ALJ conducted the second hearing on April 8, 2013, and issued an unfavorable opinion on June 20, 2013. The Appeals Council denied Plaintiff's request for review. Thus, the

decision of the ALJ became the Commissioner's final decision, and Plaintiff filed an appeal in this Court. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision, *id.* and whether the correct legal standards were applied. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

Plaintiff was born on April 16, 1953. He was fifty-two years old on his date last insured. He has a G.E.D. Plaintiff alleges disability beginning December 1, 2005, due to diabetes mellitus, lumbar degenerative disc/joint disease, gout, hypertension, chronic obstructive pulmonary disease, congestive heart failure, visual problems, and obesity. He last worked at a mechanic shop.

The ALJ made the following findings: (1) Plaintiff last met the insured status requirements on December 31, 2005; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) since the alleged onset date, Plaintiff has had the following severe impairments: lumbar degenerative disc disease, diabetes mellitus, and obesity; (4) through the date last insured, Plaintiff did not have impairments, either alone or in combination, that met or equaled the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (5) through the date last insured, Plaintiff had the residual functional capacity to perform a limited range of light work; (6) through the date last insured, Plaintiff was unable to perform any past relevant work; (7) on the date last insured, Plaintiff was an individual closely approaching advance age with a high school education; (8) transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff was not disabled whether or not he had transferable skills; (9) through the date last insured, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs existing in significant numbers in the national economy that Plaintiff could perform; (10) Plaintiff was not under a disability within the meaning of the Act at any time from the alleged onset date through the date last insured. R. 308 – 15.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. *See Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he or she is disabled from engaging in his or her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. *Id.*

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

*Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fifth step with a finding that, although Plaintiff cannot perform his past relevant work, there are a significant number of jobs existing in the national economy that he can perform.

Plaintiff argues that substantial evidence does not support the ALJ's findings. He specifically argues that the ALJ erred in his weighing of the medical evidence, including the opinion of treating physician, Howard K. Thomas, M.D., and in his assessment of Plaintiff's credibility. The Court finds Plaintiff's argument not to be persuasive.

The March 30, 2009, opinion of Dr. Thomas limiting Plaintiff to less than sedentary work activity, R. 577-82, would preclude his being able to perform work existing in significant numbers in the national economy.[1] Dr. Thomas opined that Plaintiff has both exertional and nonexertional impairments which leave him with a "poor prognosis for life" and, in spite of treatment, he "will never be able to do gainful work" due to congestive heart failure. According to Dr. Thomas, Plaintiff was capable of lifting/carrying less than ten pounds occasionally and no weight frequently; standing/walking or sitting for less than two hours in an eight-hour workday; but, should never climb, balance, stoop, kneel, crouch or crawl; has limited ability to reach and handle; and, to tolerate exposure to environmental hazards (i.e., heights, moving machinery, temperature extremes, chemicals and dust). Dr. Thomas specifically stated that his opinion concerned Plaintiff's medical condition "as of 12/01/05," which was Plaintiff's alleged onset date and before Plaintiff's date last insured. R. 260-261.

Because of the substantive rights that might be impacted by the onset date determination, SSR 83–20 emphasizes that "it is essential that the onset date be correctly established and supported by the evidence ...." *Gardner v. Comm'r of Soc. Sec.*, 2012 WL 4450169 at *13 (E.D. Mich. Aug. 17, 2012), *report and recommendation adopted*, 2012 WL 4450068 (E.D. Mich.

---

[1] At the second administrative hearing, the vocational expert testified that Dr. Thomas' opinion as to Plaintiff's limitations would preclude employment. R. 602-03.

Sept. 26, 2012). Based on a review of the entire record, the Court finds that substantial evidence supports the ALJ's decision.

Although a treating physician's opinion is generally accorded greater weight than opinions from other sources, the deference is not given unconditionally. *See* SSR 96-2p. Controlling weight may be given to a treating source opinion only when the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and it is not inconsistent with other substantial evidence of record. *Id.* An ALJ need not give controlling weight to a checklist form submitted by a treating doctor that is not supported by the doctor's treatment records. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 471 (6th Cir. 2014). An ALJ may discount a treating source opinion if the ALJ provides good reasons for doing so. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009); SSR 96-2p.

As the ALJ noted, Dr. Thomas' treatment records and the record otherwise do not contain any clinical or laboratory diagnostic findings to support the functional limitations in Dr. Thomas' opinion. For example, Dr. Thomas opined in 2009 that, in 2005, Plaintiff would be unable to perform even sedentary work based on his "severe congestive heart failure" and shortness of breath. R. 23-24, 312. However, Plaintiff was not diagnosed with congestive heart failure until 2007, and there is no indication that Dr. Thomas referred Plaintiff to a cardiologist or felt that additional treatment was warranted. When Plaintiff saw a cardiologist and underwent diagnostic testing in 2011, cardiologist Bharat Singh, M.D., concluded that Plaintiff did not have congestive heart failure. R. 393 - 402.

Considering Plaintiff's allegations of pain, obesity, and lumbar degenerative disc disease, the ALJ limited him to work at the light exertional level, with occasional postural limitations. Considering the possible tingling and numbness caused by poorly controlled diabetes, the ALJ

limited Plaintiff to occasional reaching, handling, and fingering. Substantial evidence supports these limitations. Of particular note is that, on December 22, 2005, which is during the relevant time period, Plaintiff saw Dr. Thomas, and findings on physical examination were normal. R. 83.

Dr. Thomas' statement that Plaintiff will be "unable to do gainful work" is entitled to no deference as it is not a medical opinion. When a treating physician submits an opinion on an issue reserved to the Commissioner, the opinion is "not entitled to any particular weight," and the ALJ "need only explain the consideration" it was given. *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 505 (6th Cir. 2013) (internal quotation marks omitted) (quoting *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 492-93 (6th Cir. 2010)).

Plaintiff contends that the ALJ discounted Dr. Thomas' opinion merely because it was dated several years after Plaintiff's date last insured and was on a form. In *Gambill v. Bowen*, 823 F.2d 1009, 1013 (6th Cir. 1987), the Sixth Circuit found that the ALJ erred by discounting a doctor's report merely because it was prepared in 1985, after Plaintiff's date last insured. The same doctor had submitted a report in 1977, prior to Plaintiff's date last insured. The Court determined that the 1985 report not only evaluated claimant's condition as of 1985, it clarified and provided greater detail about the 1977 findings, and should have been considered. *Id.* Here, the ALJ did not discount Dr. Thomas' opinion solely because it post-dated Plaintiff's date last insured. Instead, he considered the opinion and found that it was not supported by the evidence or consistent with the record as a whole, and it was not based on any clinical or laboratory findings. Given the lack of any physician-imposed functional limitations during the relevant period, the ALJ's finding that Plaintiff could perform a range of light work was consistent with the record as a whole.

7

Turning next to Plaintiff's argument concerning the ALJ's credibility findings, the finding that Plaintiff's subjective claims of disabling limitations dating back to December 2005 were not wholly credible is supported by substantial evidence.

An ALJ "is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Schmiedebusch v. Comm'r of Soc. Sec.*, 536 F. App'x 637 (6th Cir. 2013) (quoting *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475–76 (6th Cir. 2003)). An ALJ's credibility determination is entitled to great weight and deference, and the judicial review is limited to determining whether the ALJ's reasons for discrediting the allegations are reasonable and supported by substantial evidence. *Id.*

The ALJ pointed out the lack of objective medical evidence and treatment records to support Plaintiff's subjective claims of disabling impairments in December 2005. Treatment records from 2002 through December 2005 show diagnoses of diabetes, hypertension, reflux, and lumbar degenerative disc disease with osteoarthritis. R. 310, 44-45, 47, 52-53, 55-58, 60-62, 64, 66-70, 72-73, 75, 77, 79. However, these diagnoses say nothing about the severity of those conditions. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); 20 C.F.R. § 404.1545(e) (providing that, in order to prove disability, evidence must establish functional limitations, not just medical diagnoses). Although Plaintiff's diabetes and hypertension were not consistently well-controlled, there is no evidence that Plaintiff ever required hospitalization or emergent care. Nor is there any indication that Dr. Thomas or other clinician limited Plaintiff's activities due to diabetes or hypertension. Plaintiff's conservative care is inconsistent with subjective allegations of disability. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 473 (6th Cir. 2014).

An ALJ may properly consider the disparity between subjective claims of disabling limitations and relatively modest clinical findings in assessing a claimant's credibility. *See Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 506-07 (6th Cir. 2013). Treatment records from March 2006 show that Plaintiff's gait was coordinated and smooth, and records from March 2009 show that Plaintiff was ambulatory and had full range of motion in all extremities, calling into question Plaintiff's allegations of ambulatory difficulties as of 2005. R. 44-79, 85-87, 199, 592.

Additionally, Plaintiff testified that he had chest pain dating back to 2005, later diagnosed as congestive heart failure. R. 275. However, records prior to December 31, 2005, contain no laboratory documentation or test results to show an enlarged heart, hypertensive heart disease, diabetic nephropathy or neuropathy, or any end-organ damage due to diabetes or hypertension. R. 44-79, 311. Hospital records from October 2007, after Plaintiff's date last insured, show "new onset" congestive heart failure. R. 210-11, 220. Despite this diagnosis, Plaintiff took no action to follow up until 2011, when a cardiologist found no evidence of heart dysfunction or congestive heart failure. R. 393, 402.

Plaintiff alleges debilitating gout as of 2005, but the record does not show a diagnosis of gout until 2007. R. 86, 96 - 98. Additionally, there is no clinical evidence to show any vision problems prior to Plaintiff's date last insured. Plaintiff alleges neuropathy, but there are no nerve conduction studies or electromyography to support such a finding. R. 310.

Plaintiff also testified that his blood sugar was out of control in 2005. R. 590. However, when Plaintiff was compliant with medication, his diabetes was adequately controlled. R. 64, 66, 134, 136, 460, 575. Disability is not supported when an individual's impairments are improved

with medication. *See Smith v. Comm'r of Soc. Sec. Admin.*, 564 F. App'x 758, 763 (6th Cir. 2014).

The ALJ also noted inconsistencies in Plaintiff's testimony about his small businesses. Plaintiff testified that he stopped working at his mechanic shop and rental storage business in December 2005. R. 266, 269, 312, 595-96. However, he also testified that he continued to work in his business from 2005 to 2007, answering telephones, completing administrative functions, and managing rental units. R. 266-67, 272-73, 280, 312. These indicators of work activity after the alleged onset date, even on a part-time basis, undermine Plaintiff's credibility. *See Miller v Comm'r of Soc. Sec.*, 524 F. App'x 191, 194 (6th Cir. 2013) ("Further, the ALJ did not err by considering Miller's ability to maintain part-time employment as one factor relevant to the determination of whether he was disabled."). In particular, Plaintiff's work after 2005 making telephone calls and doing paperwork does not lend credibility to his alleged inability to use his upper extremities for handling and reaching, nor does it support his claims of serious vision impairments.

At an administrative hearing in 2009, Plaintiff testified that he sold his business in 2007. R. 266, 268, 312. At the 2013 hearing, he testified that he sold the business in 2005. R. 312, 589. When asked about income earned in 2010, Plaintiff stated that it came from the sale of a business. R. 312, 592-93. He acknowledged that the sale was never completed, and, thus, he still owned the business, and his wife had taken it over and continued to run it. R. 312, 589, 593. Plaintiff testified that he occasionally went in to work with his wife. R. 592. The ALJ found that evidence that Plaintiff continued to be involved in the management and sale of his various businesses called into question the credibility of Plaintiff's subjective claims.

Credibility determinations rest with the ALJ, and "[a]s long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess." *Ulman v. Comm'r of Soc. Admin.*, 693 F.3d 709, 713–14 (6th Cir. 2012). Here, the ALJ properly evaluated Plaintiff's credibility in a manner consistent with 20 C.F.R. § 404.1529 and SSR 96-7p. The ALJ's finding that Plaintiff's allegations of disabling impairments were not credible is supported by substantial evidence of record.

Substantial evidence supports the ALJ's determination that Plaintiff was not disabled, and the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 3, 2018.